UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD W. REESE, JR. and <br> MARIAN REESE, <br><br> Plaintiffs, <br><br> v. <br><br> TRAIL KING INDUSTRIES, INC. <br> and ANDERSON TRUCKING <br> SERVICE, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 3:16-cv-00723-RLM-MGG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED OPINION AND ORDER

On November 23, 2016, Defendant, Anderson Trucking Service, Inc. ("ATS")[1], a Minnesota corporation, filed a motion seeking to transfer this case to the District of Colorado, Colorado Spring Division, pursuant to 28 U.S.C. § 1404(a). [DE 16]. On December 7, 2016, Defendant, Trail King Industries, Inc. ("Trail King"), a South Dakota corporation, filed its Notice of Joinder in ATS's motion to transfer venue.[2] [DE 19]. On January 18, 2017, Plaintiffs, Donald W. Reese, Jr. ("Mr. Reese") and Mariann Reese ("Ms. Reese") (collectively "Plaintiffs"), citizens of Indiana, filed a response. [DE 23]. On January 25, 2017, ATS filed a reply. [DE 24]. The Court **DENIES** ATS's and Trail King's motion to transfer for the following reasons.

---

[1] ATS notes that it has been incorrectly named in this lawsuit because Mr. Reese was driving on behalf of ATS Specialized, Inc. at the time of the accident at issue in this case. Without any amendment to the pleadings, substitution of parties, or other official correction of this potential error, the Court will refer to this Defendant as "ATS" throughout this opinion and order.

[2] This Court's May 9, 2017, Opinion and Order [DE 26] denying ATS's motion to transfer inadvertently failed to account for Trail King's Notice of Joinder. This Amended Opinion and Order accurately reflects the record of Trail King's agreement with ATS's motion to transfer.

## I. RELEVANT BACKGROUND

On September 26, 2016, Plaintiffs brought suit in Elkhart Superior Court, but the case was removed to this Court by Trail King on October 19, 2016. The case arises from Mr. Reese's single-vehicle, tractor-trailer accident in Pueblo, Colorado on September 23, 2014. Plaintiffs allege that Mr. Reese was an owner-operator operating a vehicle under ATS's operating authority at the time of the accident. He was hauling a wind turbine tower from Minnesota to Colorado, which was presumably loaded onto his truck in Minnesota. The trailer was designed, manufactured, and sold by Trail King in South Dakota. Plaintiffs allege that because of trailer manufacturing defects, the wind turbine came loose from the trailer and caused the accident in Colorado. Plaintiffs allege that Mr. Reese suffered injuries as a result of the accident and that he received most of his medical treatment in Indiana, his home state.

Plaintiffs assert claims of strict and negligent products liability against Trail King and claims of negligent provision, supervision, and operation against ATS. In its motion, ATS[3] argues that all of the operative facts occurred in Colorado and therefore transfer to the District of Colorado would be in the interest of justice and more convenient for the parties and witnesses. This Court disagrees.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer any civil action to any other district for the convenience of the parties and witnesses and in the name of justice, if venue is proper in both courts. Therefore, transfer analysis involves separate inquiries into (1) proper venue in both the transferor and transferee courts; (2) the convenience of parties and witnesses; and (3) the interest of justice. *Research Automation Inc. v. Schrader-Bridgeport Int'l,*

---

[3] The Court's references to ATS as the movant throughout this opinion and order also reflect the position of Trail King based on its joinder in ATS's motion to transfer.

*Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on the movant to show that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). However, the statute allows for a "flexible and individualized" analysis of the unique issues raised in a particular civil action, which therefore places considerable discretion in the transferor court when deciding whether transfer is appropriate. *Research Automation*, 626 F.3d at 977–78 (citing *Stewart Org., Inc. v. Ricoh Corp., et al.*, 487 U.S. 22, 29 (1988)).

> **A. Jurisdiction and venue are proper in the Northern District of Indiana and the District of Colorado.**

Both parties rightly concede that jurisdiction and venue is proper in both districts. [DE 17 at 4; DE 23 at 3]. The case was removed to this District from Elkhart County Superior Court following Trail King's Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. Jurisdiction and venue are also proper in Colorado. Colorado has jurisdiction based upon its long-arm statute. *See* C.R.S.A. § 13-1-124(1)(b) (granting jurisdiction if a person commits a tortious act within the state). Venue is proper in the District of Colorado, Colorado Springs Division, as it encompasses Pueblo County, the place of the accident and the place where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

> **B. The convenience of the parties and witnesses does not favor transfer.**

In evaluating the convenience element, courts generally consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of witnesses; and (5) the convenience of the parties. *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). A litigant seeking a transfer of venue has the burden of showing that the transferee court is "clearly more convenient than the transferor court." *Coffey*, 796 F.2d at 220.

1. **Plaintiff's choice of forum**

When considering the convenience factor, a plaintiff's choice of forum is entitled to substantial deference, especially when the chosen forum is the plaintiff's home forum. *Am. Commercial Lines, LLC v. Ne. Maritime Inst., Inc.*, 588 F. Supp. 2d 935, 945 (S.D. Ind. 2008). Unless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). Yet ATS argues that such deference is unwarranted in this case contending that the Indiana forum has no real relationship to this case other than being Plaintiffs' state of residence and the location of some of Mr. Reese's medical treatment. ATS contends that all the operative events of this case occurred in Colorado.

2. **Situs of material events**

Indeed, Colorado is the place of the accident, where the trailer allegedly manifested a defect, where Mr. Reese suffered injuries, and where he potentially received some medical treatment. [DE 2 at ¶¶ 6, 10–17]. However, the situs of material events is not as clear as ATS suggests. First, Plaintiffs were Indiana residents at the time of the accident and remain so to this day. Second, Mr. Reese's injuries from the accident are the alleged damages that give rise to the negligence and product liability claims now before the Court. Third, the trailer at issue in this case was not designed, manufactured, or even loaded on that fateful day in Colorado or Indiana. Therefore, a more careful analysis is needed to identify the situs of material events and whether it favors transfer to Colorado as ATS now requests.

"Material events are those that give rise to the cause of action." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006) (citing *Von Holdt v. Husky Injection Molding Sys., Ltd.,* 887 F. Supp. 185, 188–89 (N.D. Ill.1995)). The location where a plaintiff receives

medical treatment is not in and of itself a situs of material events giving rise to negligence and products liability claims. *Id.* Instead, it is but one factor to be considered in determining whether transfer is proper. *Id.* The primary material location for products liability claims is likely the place of manufacture or design, presumably South Dakota in this case. *See Von Holdt*, 887 F. Supp. at 188–89. As a result, the location of an accident that revealed an allegedly defective product is a red herring for transfer analysis in cases where products liability claims based on defective design and manufacture are raised. *Aldridge*, 436 F. Supp. 2d at 961 (citing *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 (E.D. Tex. 2000)).

With that said, Colorado is not the situs of material events for Plaintiffs' products liability claims. Any alleged negligence by ATS or Trail King also occurred outside Colorado during the design, manufacture, sale, or loading of the trailer in South Dakota and Minnesota. While the extent of Plaintiffs' damages will definitely be relevant to their claims and will require testimony from the emergency medical personnel in Colorado who assisted Mr. Reese as well from the medical professionals in Indiana who continued his care once he returned home to Indiana, those damages alone do not constitute sufficient material events to guide a venue decision without consideration of where the requisite alleged duty and breach occurred. And neither the alleged duty nor the alleged breach arose in Colorado or Indiana.[4]

In the end, the geographic spread of the arguably material events in this case through Colorado, Indiana, South Dakota, and Minnesota combined with the truly material events at the heart of Plaintiffs' products liability and negligence claims suggest that neither Colorado nor Indiana are the clear situs of material events. Yet no party is arguing that this case should be

---

[4] The Court acknowledges that there is a choice-of-law issue that will determine whether the material situs for the negligence claim will be the place where the breach of a duty of care occurred or where the injury occurred. *See infra* pp. 9–10 (outlining Indiana's choice-of-laws standard).

transferred to either South Dakota or Minnesota. Therefore, the situs of material events favors neither the Colorado nor the Indiana forum.

### 3. Relative ease of access to sources of proof

As discussed above, the situs of material events is not particularly clear in this case. While sources of proof related to the accident and Mr. Reese's damages may be accessed in Colorado and Indiana, key sources of proof related to the design, manufacture, sale, and loading of the trailer will also be located in South Dakota and in Minnesota. Therefore, neither Colorado nor Indiana are favored based on access to sources of proof.

### 4. Convenience of the parties

This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). Courts should avoid transfer when it merely shifts inconvenience from one party to another without sufficient cause. *Research Automation*, 626 F.3d at 979. As Plaintiffs' home state, Indiana is obviously most convenient to them. Defendants are incorporated in Minnesota and South Dakota and neither has a presence in Colorado.[5] As such, all the parties would have to travel a significant distance to the Colorado forum. Therefore, the convenience-of-the-parties factor favors Indiana where at least some parties are located.

### 5. Convenience of the witnesses

The convenience of witnesses is often considered the most important factor in the convenience analysis, and courts consider everything from the number of witnesses to their willingness to appear. *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL

---

[5] ATS, however, does have a branch in Gary, IN, which lies in this District. *See* https://www.atsinc.com/ats-locations/.

2756345, at *6 (N.D. Ind. July 14, 2008). Yet "[c]ourts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." *Abbott Labs. v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007).

Giving no consideration to the convenience of the parties as witnesses or to their paid experts as witnesses, the Court turns the other potential witnesses in this case. Mr. Reese's treating medical witnesses from Indiana are not traditional paid experts and will likely expect a substantial fee to travel to testify. The only other non-party and non-expert witnesses identified thus far are the emergency medical personnel, the investigating officer, and the eyewitnesses from Colorado who observed or responded to the accident. Regardless of the forum, some of these witnesses will be inconvenienced. However, ATS has not shown that the Colorado witnesses will be more burdened by travel than the Indiana witnesses. Therefore, the convenience-of-the-witnesses factor is neutral.

Taking into account all the convenience factors, ATS has not established that Colorado is the more convenient forum. As such, the Plaintiffs' choice of forum warrants strong deference.

### C. Interest of Justice.

An assessment of the interest of justice focuses on the efficient administration of the courts. *Research Automation*, 626 F.3d at 978. Factors that are relevant to this analysis include: (1) the speediness of trial in either jurisdiction; (2) each court's familiarity with the relevant law; and (3) each location's relationship to the controversy. *Id.* ATS raises four considerations it argues favor Colorado:

> (1) The fact that all material events surrounding the underlying accident occurred in Colorado, (2) the superior interest of Colorado in adjudicating the controversy, (3) the relative congestion of the courts' dockets, and (4) the Colorado District Court's familiarity with governing Colorado law.

[DE 17 at 9]. The first consideration has already been addressed. The other factors do not dictate transfer to Colorado.

### 1.  Colorado's and Indiana's relative interests in adjudicating the controversy

The relative-interests inquiry concerns itself with the burden on a jury and the interest of a local populace. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) ("There is a local interest in having localized controversies decided at home."). ATS argues that the accident occurred on Colorado roadways, impacted Colorado residents and drivers, and was responded to and investigated by Colorado police and possibly medical personnel. Additionally, ATS argues that an Indiana jury would be asked to resolve a controversy having no connection to them. ATS makes an inadvertent concession, however, when it argues that an Indiana jury would have to resolve products liability claims against a South Dakota company and negligent provision, supervision, and instruction claims against a Minnesota company. A Colorado jury would have just as little connection to the claims, as an Indiana jury, except that the injury itself occurred in Colorado. The injury, and the impact it had on Colorado residents, is not insignificant, but neither party to the case has Colorado ties. No Colorado residents were injured. An Indiana jury would be much more closely tied to one of its injured citizens, whose injury was allegedly caused by one of the defendants, which has a presence in Indiana.

### 2.  Case load considerations

Transfer is favored if litigants are more likely to receive a speedy trial in the transferee forum. *Coffey*, 796 F.2d at 221. The Northern District of Indiana had 3,280 cases pending in 2015, whereas the District of Colorado only had 2,371. *Judicial Business of the United States Courts, 2015 Annual Report of the Director* (Table C-6), http://www.uscourts.gov/sites/default/files/data_tables/C06Sep15.pdf. The median time from

filing to disposition was 14.3 months in the Northern District of Indiana, while it was only 8 months in Colorado. *Id.* at (Table C-5), http://www.uscourts.gov/sites/default/files/data_tables/C05Sep15.pdf. Therefore, case load considerations favor transfer to Colorado.

### 3. The courts' familiarity with the governing law

In diversity actions it is "advantageous to have federal judges try a case who are familiar with the applicable state law. *Coffey*, 796 F.2d at 221. ATS concedes that Indiana choice-of-law rules must be applied, regardless of whether the case is transferred to Colorado. *Id.* at 221–22. ATS then proceeds to argue that Indiana choice-of-law rules dictate that Colorado law applies with respect to the negligence claim, and that the District of Colorado has greater familiarity with Colorado law.

In Indiana, the place of the tort and the place with the most contacts or connections with the case will be significant in determining which law applies. *Jean v. Dugan*, 20 F.3d 255, 261 (7th Cir. 1994) (citing *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987)). Initially, the court must determine whether the differences between the laws of the relevant states are "important enough to affect the outcome of the litigation." *Simon v. United States*, 805 N.E.2d 798, 804 (Ind. 2004) (citing *Hubbard*, 515 N.E.2d at 1073). If such a conflict exists, the court should presume, rebuttably, that the place of the tort dictates which state's substantive law should apply to the case. *Id.* The presumption may be rebutted if the court is persuaded that "the place of the tort 'bears little connection' to [the] legal action." *Id.* (citing *Hubbard*, 515 N.E.2d at 1074). If the location of the tort is insignificant to the action, then the court should consider other contacts that may be more relevant, including "1) the place where the

9

conduct causing the injury occurred; 2) the residence or place of business of the parties; and 3) the place where the relationship is centered." *Id.* at 805 (citing *Hubbard*, 515 N.E.2d at 1073–74). "These factors should not be applied mechanically; rather, they are to be 'evaluated according to their relative importance to the particular issues before the court.'" *Jean*, 20 F.3d at 261 (quoting *Hubbard*, 515 N.E.2d at 1074). Moreover, the court should focus its evaluation on the essential elements of the whole cause of action. *Simon*, 805 N.E.2d at 805.

Based on the applicable Indiana conflict-of-laws rules described above, it is premature to resolve which state's law will govern this case. As already discussed, the place of the tort and the place where the relationship between the parties was centered are not clear. No doubt the accident occurred in Colorado, but none of the parties are from Colorado. Without more information about the design, manufacture, sale, and loading of the trailer at the very least, this Court cannot effectively conduct the necessary conflict-of-laws analysis as to Plaintiffs' negligence and products liability claims. Clearly, this Court remains more experienced at applying Indiana's conflict-of-laws rules regardless of which law ultimately governs Plaintiffs' claims.

Therefore, of the four interest-of-justice factors raised by ATS, only Colorado's lighter case load favors transfer. Taken by itself, this factor does not justify transfer.

### III. CONCLUSION

Venue is proper in both the Northern District of Indiana and the District of Colorado. Plaintiffs chose Indiana, however, and that choice deserves substantial deference because ATS has not established that a transfer to Colorado would be more convenient for the parties and

10

witnesses or would better serve the interests of justice. Therefore, ATS's motion to transfer, joined by Trail King, is **DENIED**. [DE 16].

    **SO ORDERED**

Dated this 16th day of May 2017.

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge